918 A.2d 684 (2007)
391 N.J. Super. 448
Helen Mary DEVANEY, Plaintiff-Appellant,
v.
Francis A. L'ESPERANCE, Jr., Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 2007.
Decided April 2, 2007.
JoAnne Juliano Giger, argued the cause for appellant (Newman, McDonough, Schofel & Giger, attorneys, Rosland; Ms. Giger and Laurence Desind, on the brief).
William Goldberg, argued the cause for respondent.
Before Judges WEFING, PARKER and MESSANO.
The opinion of the court was delivered by
WEFING, P.J.A.D.
Plaintiff appeals from a trial court order of September 20, 2005, entering judgment for defendant and dismissing her complaint and denying counsel fees. After reviewing the record in light of the contentions advanced on appeal, we affirm.
The parties were involved in a long-term, intimate relationship. The parties met in September 1983 when plaintiff, then twenty-three years old, began working for defendant, then fifty-one years old, as a receptionist in the office he maintained for his medical practice as an ophthalmologist. *685 After several months, their relationship became intimate. Plaintiff was aware that defendant was married, but he told her the marriage was not a happy one and that he would be getting a divorce.
During the entire course of their relationship, plaintiff never socialized with defendant's family with the exception of once having dinner with defendant's son. Early in their relationship defendant began paying plaintiff's telephone bill and giving her money to purchase groceries for the dinners she would cook for the two of them. In 1988 plaintiff moved into Manhattan, and defendant paid one-half of her rent.
Plaintiff worked in defendant's office for approximately nine years. Even after the employment relationship ended, she would help when needed with office-related tasks.
By 1993 plaintiff was annoyed that defendant had not obtained a divorce, and she relocated to Connecticut and for a few months took care of her own expenses. She then returned to New York City, and defendant resumed paying all of her expenses. They went on several vacations together, both foreign and domestic, for which defendant paid. During the course of this relationship, defendant paid plaintiff's tuition and related expenses to obtain her college degree.
Late in 1994, when defendant had still not obtained a divorce, plaintiff moved to Seattle. She did not have a job, and defendant continued to pay her expenses. Plaintiff remained in Seattle for two and one-half years, and defendant visited her six or seven times. Plaintiff testified that in the summer of 1997 defendant promised her that he would buy her a home, continue working on getting a divorce, provide her with financial support and have a baby with her. She then returned to the east coast where defendant rented an apartment for her in North Bergen. Defendant paid all the expenses in connection with that apartment, which he ultimately purchased.
In the spring of 2003 the parties began to attempt to have a child together. Their efforts, however, were not successful, and plaintiff learned that she would not be able to conceive a child naturally because her fallopian tubes were blocked. They began to discuss the possibility of invitro fertilization, but in August 2003 defendant, by then more than seventy years old, told plaintiff that he did not wish to have another child and that he did not wish to see her anymore.
The ending of the relationship has resulted in protracted litigation between the parties. This is the second time they have appeared before us. In L'Esperance v. Devaney, No. A-0286-04T1, 2005 WL 3092849 (N.J.Super.App.Div. Nov. 21, 2005), we affirmed a trial court order granting defendant possession of the condominium which defendant had purchased but in which plaintiff had resided for more than seven years.
After defendant filed that ejectment action, plaintiff filed a palimony suit, based upon promises she alleged defendant had made to her during the course of their twenty-year relationship. Plaintiff appeals from the order entered by the trial court in defendant's favor after a six-day bench trial.
New Jersey has, in a series of cases, recognized a cause of action for palimony, based upon promises of support made by one party to the other in the context of a relationship between unmarried partners. In re Estate of Roccamonte, 174 N.J. 381, 808 A.2d 838 (2002); Kozlowski v. Kozlowski, 80 N.J. 378, 403 A.2d 902 (1979); McDonald v. Estate of Mavety, 383 N.J.Super. 347, 891 A.2d 1218 (App.Div.), certif. denied, 187 N.J. 79, 899 A.2d 302 (2006); Levine v. Konvitz, 383 N.J.Super. 1, 890 *686 A.2d 354 (App.Div.), certif. denied, 186 N.J. 607, 897 A.2d 1061 (2006). Each of these cases involved promises of continued financial support between parties who cohabited with one another.
The record, here, however, is abundantly clear that these parties never cohabited with one another. Defendant continued to reside with his wife in his apartment in Manhattan throughout his entire relationship with plaintiff, and from the time in 1997 when he purchased the apartment in North Bergen until he filed his ejectment action in 2004, he spent less than ten nights there.
Plaintiff does not deny that the parties never cohabited with one another. She seeks to fill that legal gap by pointing to the couple's attempt to have a child together. This, she contends, demonstrates that their relationship was sufficiently akin to a marriage as to warrant our enforcing the promises she maintains defendant made to her.
We are unable to agree. Judge Fuentes set forth in Levine v. Konvitz the policy rationale behind the law's insistence on cohabitation as a necessary element to a cause of action for palimony.
Although the quality, nature, and extent of the consideration sufficient to sustain a palimony action may differ depending on all the circumstances, we are satisfied that the rendering of such consideration must be done in a setting of cohabitation. Without such a bright-line requirement, the concept of "marital-type" relationship is unacceptably vulnerable to duplicitous manipulation.
Requiring cohabitation as an element of a palimony action also provides a measure of advance notice and warning, to both parties to a relationship, and to their respective family members, that legal and financial consequences may result from that relationship. In this context, cohabitation requires the demonstrable act of setting up a household together. Thus, in contrast to an extramarital affair, even a long-term one, cohabitation announces to the ones most affected by the existence of the relationship, the innocent spouse and dependent children, that defendant has entered into a relationship that may result in significant and long-term impairment of family assets.
[Levine v. Konvitz, supra, 383 N.J.Super. at 10-11, 890 A.2d 354.]
The trial judge at the end of these proceedings placed an oral opinion on the record in which she carefully analyzed the elements of plaintiff's claim and correctly recognized that absent cohabitation, plaintiff's cause of action could not succeed. Within that opinion, the trial judge also took note of each of the appropriate factors in connection with plaintiff's application for counsel fees and explained how those factors bore upon her final determination that neither side should receive counsel fees.
We are satisfied the order under review should be affirmed substantially for the reasons stated by Judge Maureen B. Mantineo in her oral opinion of August 31, 2005.